**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**



| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** : | |
| : | |
| **Plaintiff,** : | **Civil Action No.** |
| : | |
| vs. : | *CV12-2033* (JBW) |
| : | *CR12-224* (JBW) |
| **GARTH RONALD PETERSON,** : | |
| : | |
| **Defendant.** : | |

## [proposed] FINAL JUDGMENT AS TO DEFENDANT GARTH PETERSON

The Securities and Exchange Commission ("Commission") having filed a Complaint and

Defendant Garth Peterson having entered a general appearance; consented to the Court's

jurisdiction over Defendant and the subject matter of this action; consented to venue in this

Court; consented to entry of this Final Judgment; waived findings of fact and conclusions of law;

and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and

Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

30A of the Securities Exchange Act ("Exchange Act") [15 U.S.C. §78dd-1], by making use of

the mails or any means or instrumentality of interstate commerce corruptly, or by corruptly doing

any act outside the United States, in furtherance of an offer, payment, promise to pay, or



authorization of the payment of any money, or offer, gift, promise to give, or authorization or the giving of anything of value to:

    (1)    any foreign official for purposes of:

        (a)    influencing any act or decision of such foreign official in his official capacity, (ii) inducing such foreign official to do or omit to do any act in violation of the lawful duty of such official, or (iii) securing any improper advantage; or

        (b)    inducing such foreign official to use his influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality,

in order to assist such issuer in obtaining or retaining business for or with, or directing business to, any person;

    (2)    any foreign political party or official thereof or any candidate for foreign political office for purposes of:

        (a)    (i) influencing any act or decision of such party, official, or candidate in its or his official capacity, (ii) inducing such party, official, or candidate to do or omit to do any act in violation of the lawful duty of such party, official, or candidate, or (iii) securing any improper advantage; or

        (b)    inducing such party, official, or candidate to use his influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality,

2

in order to assist such issuer in obtaining or retaining business for or with, or directing business to, any person; or

(3)     any person, while knowing that all or a portion of such money or thing of value will be offered, given, or promised, directly or indirectly, to any foreign official, to any foreign political party or official thereof, or to any candidate for foreign political office for purposes of:

     (a)     (i) influencing any act or decision of such foreign official, political party, party official, or candidate in its or his official capacity, (ii) inducing such foreign official, political party, party official, or candidate to do or omit to do any act in violation of the lawful duty of such party, official, or candidate, or (iii) securing any improper advantage; or

     (b)     inducing such foreign official, political party, party official, or candidate to use his influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality,

in order to assist such issuer in obtaining or retaining business for or with, or directing business to, any person.

3

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] by knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account described in Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)].

III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from any violation of Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) and 80b-6(2)], by knowing use of the mails or any means or instrumentalities of interstate commerce, directly or indirectly to:

(1)     employ any device, scheme, or artifice to defraud any client or prospective client; or

(2)     engage in any transaction, practice, or course of business that operates as a fraud or deceit upon any client or prospective client.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is liable for $3,667,713 in disgorgement plus $154,900.44 prejudgment interest for a total

amount of $3,822,613.44, representing profits gained as a result of the conduct alleged in the

Complaint.  In particular, this amount represents (i) a $926,020 kickback to Defendant in Project

Beatles plus $154,900.44 in prejudgment interest thereon (totaling $1,080,920.44), and (ii)

$2,741,693, representing Defendant's profit on his 5.15% interest in the Jin Lin Tiandi Serviced

Apartments in Shanghai, China, on or about the date of the Consent of Garth Peterson

("Consent").  Defendant shall satisfy this liability in full by performing the following:

(1)     Paying $241,589 within seven (7) days after entry of this Final Judgment to the

Clerk of this Court, together with a cover letter identifying Peterson as a

defendant in this action; setting forth the title and civil action number of this

action and the name of this Court; and specifying that payment is made pursuant

to this Final Judgment.  Defendant shall simultaneously transmit photocopies of

such payment and letter to the Commission's counsel in this action.  The Clerk

shall deposit the funds into an interest bearing account utilized by the Court.

These funds, together with any interest and income earned thereon (collectively,

the "Fund"), shall be held in the interest bearing account until further order of the

Court.  By making this payment, Defendant relinquishes all legal and equitable

right, title, and interest in the Fund, and no part of the Fund shall be returned to

Defendant.  In accordance with 28 U.S.C. § 1914 and the guidelines set by the

5

Director of the Administrative Office of the United States Courts, the Clerk is

directed, without further order of this Court, to deduct from the income earned on

the money in the Fund a fee equal to ten percent of the income earned on the

Fund. Such fee shall not exceed that authorized by the Judicial Conference of the

United States.

(2)     Relinquishing and/or effecting the transfer to the Receiver appointed by this

Court, in the manner directed by the Court or the Receiver and within seven (7)

days after entry of this Final Judgment or the issuance of a Court order appointing

a Receiver, whichever is later, all of his right, title and legal, equitable, or

beneficial interest of any kind in the Jin Lin Tiandi Serviced Apartments in

Shanghai, China, held alone or with others and whether direct or indirect,

including but not limited to any interest through any direct or indirect interest in

the following entities: Paraplay (a British Virgin Islands Company); Strong Man

Ltd. (a British Virgin Islands Company); Asiasphere Holdings Ltd. (a British

Virgin Islands Company); Jin Lin Tiandi Holding Company (a Caymans Island

Company); Sky Luck Property Corp. (a British Virgin Islands Company); King

Project Limited (a Hong Kong Company); Shanghai Jin Lin Tiandi Serviced

Apartment Management Co. Ltd. (a People's Republic of China Company);

and/or the Shanghai Jin Lin Tiandi Serviced Apartments in Shanghai, China

("Disgorged Asset"). This Court acknowledges Defendants admission in the

Consent that Defendant, directly and/or through his complete ownership control of

6

Paraplay, owns and controls 81% of Strongman, which owns and controls 53% of

Asiasphere, which owns and controls 12% of Jin Lin Tiandi Holding Company.

This Court also acknowledges Defendant's understanding, as provided in the

Consent, that Jin Lin Tiandi Holding Company owns 100% of and controls Sky

Luck Property Corp., which owns 100% of and controls King Project Limited,

which owns 100% of and controls Shanghai Jin Lin Tiandi Serviced Apartment

Management Co. Ltd., which owns 100% of and controls the Shanghai Jin Lin

Tiandi Serviced Apartments in Shanghai, China. Defendant relinquishes all legal

and equitable right, title, and interest in the Disgorged Asset, and no part of the

Disgorged Asset or any proceeds therefrom, shall be returned to Defendant.

Defendant shall cooperate fully with any Receiver in all matters related to: (i) the

relinquishment/transfer of the Disgorged Asset as described herein; and (ii) the

administration, management, and sale or other disposition of The Disgorged

Asset. This cooperation shall include, but not be limited to, using his best efforts

to provide any original signatures, letters, directions, authorizations, information,

documents, powers of attorney, and assignments as the Receiver may require in

order to carry out its duties.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the

determination not to impose a civil penalty, and to deem the payment of disgorgement and pre-

judgment interest satisfied and paid in full by the steps set forth in Section IV above, is

7

contingent upon the accuracy and completeness of Defendant's Statement of Financial Condition dated February 27, 2012, and other documents and information submitted to the Commission. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Defendant's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendant, petition the Court for an order requiring Defendant to pay unpaid disgorgement, plus pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In any such petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Defendant may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

8

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that another

basis upon which the Court is declining to order Defendant to pay a civil penalty is the

Defendant's agreement to cooperate in a Commission investigation and/or related enforcement

action, including cooperating with the Receiver as provided in Section IV above. If at any time

following the entry of the Final Judgment the Commission obtains information indicating that

Defendant knowingly provided materially false or misleading information or materials to the

Commission, the Receiver, or in a related proceeding, the Commission may, at its sole discretion

and without prior notice to the Defendant, petition the Court for an order requiring Defendant to

pay a civil penalty. In connection with any such petition and at any hearing held on such a

motion: (a) Defendant will be precluded from arguing that he did not violate the federal

securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the

Judgment, this Consent, or any related undertakings; (c) the allegations of the Complaint, solely

for the purposes of such motion, shall be accepted as and deemed true by the Court; and (d) the

Court may determine the issues raised in the motion on the basis of affidavits, declarations,

excerpts of sworn deposition or investigative testimony, and documentary evidence without

regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of

Civil Procedure. Under these circumstances, the parties may take discovery, including discovery

from appropriate non-parties.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

incorporated herein with the same force and effect as if fully set forth herein, and that Defendant

shall comply with all of the undertakings and agreements set forth therein.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is hereby ordered to enter this Final Judgment forthwith and without further

notice.

Dated: _____, 2012

_____
UNITED STATES DISTRICT JUDGE

5/2/12

10