FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 10 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
UNITED STATES OF AMERICA

— against —

GARTH PETERSON,

        Defendant.

----------------------------------------X

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

— against —

GARTH RONALD PETERSON,

        Defendant.

----------------------------------------X

**MEMORANDUM
ON PROPOSED SETTLEMENT
AGREEMENT**

12-CR-224

12-CV-2033

**JACK B. WEINSTEIN, Senior United States District Judge:**

    Before the court are two related cases involving the same defendant, Garth Peterson.

    In the criminal case, 12-CR-224, the defendant has pled guilty to conspiracy to circumvent internal controls in violation of 18 U.S.C. § 371. He is scheduled to be sentenced on July 17, 2012.

    In the civil case, 12-CV-2033, a hearing was held on May 2, 2012 on a motion seeking approval of the Securities and Exchange Commission's (SEC) proposed settlement agreement with Peterson. He is accused of violating the anti-bribery and internal controls provisions of the



1

Foreign Corrupt Practices Act of 1977—specifically, Sections 13(b)(5) and 30A of the Securities and Exchange Act of 1934, 15 U.S.C. §§ 78m(b)(5), 78dd-1—and of aiding and abetting violations of the Investment Advisers Act of 1940, 15 U.S.C. §§ 80b-6(1)-(2).

A district court has the duty to determine whether a consent decree based on a proposed settlement is "fair and reasonable." *See, e.g., S.E.C. v. Wang*, 944 F.2d 80, 84-85 (2d Cir. 1991). Necessarily considered, among other factors, is the connection between the settlement and any related pending or prospective criminal or civil cases. The same defendant may be subject to multiple obligations, including the need to pay restitution to victims of his criminal conduct; private civil damages as a result of breach of contract or tortious activities; fines; and forfeiture to the government in both criminal and civil actions.

Because the rights of one party to be compensated for its losses may conflict with those of others, coordinated treatment is necessary. *See, e.g.,* Adam S. Zimmerman & David M. Jaros, *The Criminal Class Action*, 159 U. Pa. L. Rev. 1385, 1439-41 (2011); Essay, *Compensation for Mass Private Delicts: Evolving Roles of Administrative, Criminal, and Tort Law*, 2001 U. Ill. L. Rev. 947, 975-981 (2001); *see also, e.g., United States v. Kenneth Marsh, et al.*, 10-CR-480 (E.D.N.Y.), *with related case, Securities and Exchange Commission v. Gryphon Holdings, Inc.*, 10-CV-1742 (E.D.N.Y.).

In the instant case, the SEC admitted that the defendant has limited assets. It crafted its proposed settlement accordingly, waiving disgorgement of 25% of Peterson's ill-gotten gains "based on [the defendant's] demonstrated inability to pay and promise of cooperation with the SEC and any Receiver appointed by the Court." Pl. SEC's Letter in Supp. of Approval and Entry of the Proposed Consent J., Case No. 12-CV-2033, Doc. Entry 6, May 1, 2012. In light of the settlement agreement and the complexity of the asset transfers involved, the United States

Attorney decided to forgo forfeiture in the parallel criminal case. *See* Tr. of Hr'g, Case No. 12-CV-2033, May 2, 2012.

The SEC's proposed settlement apparently did not reflect any restitution that might be owed to victims of Peterson's criminal conduct. Since the funds available to the defendant are limited, the disgorgement sought by the SEC could prevent his victims from recovering under the mandatory restitution statute. *See* 18 U.S.C. §§ 3663A-3664. Nor does it take into account any possible private civil action that might look to Peterson's assets for recovery of a damage award.

At the hearing on the proposed settlement in the SEC's action, the question was put by the court to the attorney for Morgan Stanley, the defendant's former employer, whether the bank would seek restitution in the criminal case. It is likely that the bank would be considered a victim and would be eligible to collect restitution if it chose to exercise its rights in the criminal case. *See* 18 U.S.C. § 3663A(a) ("(1) Notwithstanding any other provision of law, . . . the court shall order, in addition to . . . any other penalty authorized by law, that the defendant make restitution to the victim of the offense or, if the victim is deceased, to the victim's estate. (2) For the purposes of this section, the term "victim" means a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered . . . .").

At the hearing, Morgan Stanley initially stated that it had no objection to the settlement agreement proposed by the SEC, but indicated that it had not yet decided whether it would make a claim for restitution or some other remedy at a later date. In order to preserve Morgan Stanley's right to recover possible restitution, the court orally suggested that paragraph five of the SEC's settlement agreement be amended by adding the following (language to be added in italics):

3

> The clerk shall deposit the funds into an interest bearing account utilized by the Court. These funds, together with any interest and income earned thereon, shall be held in the interest bearing account until further order of the Court, *including an appropriate order in connection with the sentence to be imposed as restitution, if any, in the criminal case, United States v. Peterson, 12-CR-224.* By making this payment, defendant relinquishes all legal and equitable right, title and interest in the fund and no part of the fund shall be returned to defendant.

*See* Tr. of Hr'g, Case No. 12-CV-2033, May 2, 2012. The parties were granted a short continuance to discuss the issue.

When the parties reconvened, Morgan Stanley, through its counsel, stipulated that it would not seek restitution in the criminal case. It reserved the right to pursue civil relief in a separate proceeding at a later date. A subsequent letter confirmed this decision. *See* Letter from Morgan Stanley, Case No. 12-CR-224, Doc. Entry 11, May 4, 2012.

In light of Morgan Stanley's stipulation and the lack of any conflict between the plea in the related criminal case and the SEC's proposed settlement agreement, the additional language suggested by the court is not necessary. No other restitutee is in in the offing.

So far as a possible civil lawsuit by Morgan Stanley is concerned, there is no reason to believe that it would be contingent on, or interfere with, the outcome in the instant related criminal and civil cases. By failing to take action civilly, Morgan Stanley may find itself with a judgment debtor bereft of funds because the government has stripped him, but that will be due to the bank's litigation decisions. The court has put it on notice of the implications of approval of the proposed settlement and acceptance of the plea.

The detailed reasons for the settlement outlined by the SEC fully support its reasonableness. *See* Pl. SEC's Letter in Supp. of Approval and Entry of the Proposed Consent J., Case No. 12-CV-2033, Doc. Entry 6, May 1, 2012. The proposed agreement is approved.

SO ORDERED.

Jack B. Weinstein
Senior District Judge

Dated: May 9, 2012
      Brooklyn, N.Y.