IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, § § § | |
| Plaintiff, § § | Civil Action No. CV 12-2033 |
| vs. § | Weinstein, Jack B. |
| § | |
| GARTH RONALD PETERSON, § § | |
| Defendant. § § | |

**RECEIVER'S FINAL REPORT AND FINAL ACCOUNTING**

Marion A. Hecht, as Receiver for Garth R. Peterson ("Receiver"), pursuant to this Court's amended Order entered July 16, 2018 authorizing the windup of the receivership estate (the "Windup Order') (*See* Docket Entry No. 61), hereby submits her Final Report and Final Accounting ("Final Report and Final Accounting") now that the receivership proceeding relating to Garth R. Peterson has been concluded and that the Disgorged Asset which was the subject of this receivership estate has been fully administered by the Receiver, all as set forth in previous filings with the Court and orders entered by the Court over the course of this receivership.

This Final Report and Final Accounting identifies the steps taken by the Receiver pursuant to the Windup Order and identifies the tasks necessary to complete administration of this receivership estate, as more fully discussed below.

**I.     Windup Tasks Completed**

The Receiver confirms that she has completed the following windup tasks:

1. Reconciled the Receivership cash accounts and prepared the Final Standardized Fund Accounting Report (the "SFAR") (attached hereto as <u>Exhibit</u> 1) from the date of the Receivership through September 30, 2018;[1]

2. Made an interim payment to the SEC for remission to the U.S. Treasury in the amount of $3,400,000.00;

3. On September 4, 2018, provided 30-day notice to SEC Counsel that Receiver will shred pre-receivership hard copy records in accordance with the Windup Order. SEC counsel requested on September 4, 2018 that Receiver shred the hard copy documents seven (7) days after the Final Fee Application is decided by the Court, provided that date is after October 5, 2018;[2]

4. Shred pre-receivership files;

5. Provided instructions to the Clerk of the Court for the transfer to the SEC for remission to the U.S. Treasury of the remaining funds held in the Court Registry deposited by Garth Peterson pursuant to the Court's Final Judgment. SEC counsel has confirmed receipt of such funds;

6. Prepared and filed the 2018 Qualified Settlement Fund ("QSF") tax return[3] with the Internal Revenue Service and the state return with the Commonwealth of Virginia for the receivership estate as the final tax returns for this receivership estate;[4]

---

[1] The Receiver transferred all interest bearing accounts into one checking account at Eagle Bank, which is non-interest bearing and has protection of FDIC insurance up to $250,000. In order to file the final receivership tax returns, the Receiver needed to know the interest income for reporting to the IRS and the Commonwealth of Virginia.

[2] The Receiver agreed to SEC counsel's request. .

[3] Payment of the tax accountant fee of $2,595.00 for the final returns will be paid out of the Reserve, and reported to the Court at the time the Receiver seeks payment for the Final Expense Period.

[4] The Receiver intends to file the 2018 Form 4810 on or about October 12, 2018 with the IRS (30 days after IRS acknowledged receipt of the final tax return). As previously reported to the Court, the purpose of the Form 4810 is to seek prompt determination by the IRS that it has accepted the tax return as filed and that there are no issues with the return. On September 15, 2017, the IRS sent written confirmation that it accepted the federal returns for 2014, 2015 and 2016 and there is no further action required of the Receiver for those tax reporting periods. On

7. Prepared and filed the Final Fee Application covering the period June 1, 2016 through July 31, 2018 totaling $112,415.68 which is pending before this Court and which amount is identified on page 6 as offsets to the cash balance resulting in a Updated Reserve of $193,454.20, assuming the Court approves the Final Fee Application (*See* Docket Entry No. 62).

8. Drafted this Final Report and Final Accounting;

9. Identified the remaining tasks that could not be performed prior to the filing of this Final Report and Final Accounting because of the circumstances are outlined below in Section II.

## II.   Tasks Remaining

1. Preparation and filing of the Form 4810 for the final 2018 QSF return;

2. Follow up with IRS regarding the Form 4810 for the final short year tax period ending July 31, 2018,[5] as may be required;

3. Preparation and filing of Termination on Form 56 (Notice Concerning Fiduciary Relationship) with the Internal Revenue Service after IRS response to Forms 4810;

4. Process payments as may be ordered by the Court pursuant to the Final Fee Petition which was filed on September 6, 2018_and is pending before this Court;[6]

5. Provide notice of the proposed termination of this receivership, as set forth below in Section VI;

6. Prepare and file a Line with the Court confirming completion of the residual tasks and requesting that the Court enter the proposed Order Discharging Receiver and Terminating the

---

[5] On September 4, 2018, the IRS sent written confirmation that it accepted the federal return for 2017 and there is no further action required of the Receiver for this reporting period.

[6] The Final Fee Application for Receiver and her counsel, which is pending before this Court, covers the period June 1, 2016 through July 31, 2018 and also requests payment of fees previously held back on interim fee applications. The Final Fee Application was filed on September 6, 2018 (*See* Docket Entry No. 62).

3

Receivership Estate (the "Proposed Discharge Order"), a copy of which is being submitted concurrently herewith as Exhibit 2; and

7. Process payments from the Reserve described below, following Court approval, to pay the Receiver and her counsel for services from August 1, 2018 until the termination of the receivership and resolution by the IRS following the Receiver's filing of the Form 4810 for the final 2018 return (the "Final Expense Period"), with the resulting cash balance in the Reserve to be paid to the SEC, after entry of the Proposed Discharge Order. The Reserve will be reconciled and reported to the Court upon receipt of the IRS determination pursuant to IRS Form 4810 for the final short year period ended July 31, 2018.

### III.   Actions for Which Court Approval is Sought

As reported on the SFAR for the period ended September 30, 2018, the Receivership Estate has a total of $305,869.88 in its bank account. Recoveries added during the life of the Receivership Estate total $3,963,102.48 and payments from the estate total $3,657,232.60. The Receiver submits it is appropriate to request approval for the following actions:

1. Payments made by the Receiver as receivership ordinary course business expenses reflected on the appended SFAR that were paid in the ordinary course of business since the Court's entry of the Appointment Order, and not previously approved by prior order of this Court;

2. Release of the Receiver from further reporting requirements under ¶50, the Semi-annual Status Report, and ¶56, the Quarterly Fee applications of the Court's order of May 3, 2012 (*See* Docket Entry No. 7) (the "Appointment Order"), given the substantial completion of this receivership proceeding and the establishment of the Reserve; and

3. Form of the Proposed Discharge Order (attached hereto as Exhibit 2) and of the form of notice to all known parties-in-interest of the termination of this receivership (attached hereto as Exhibit 3).

4

## IV.   Summary of Receivership Case

On May 3, 2012, the Court entered an Order appointing the Receiver to administer this receivership estate. The receivership estate established by the Appointment Order included Garth R. Peterson's ("Defendant Peterson") right, title and legal, equitable, or beneficial interest of any kind in the Shanghai Jin Lin Tiandi Serviced Apartments ("JLT Apartments") held alone or with others and whether direct or indirect (the "Disgorged Asset")

The Appointment Order froze certain Defendant Peterson assets and appointed the Receiver over Defendant Peterson's interest in the JLT Apartments.

### 1.   Final Report and Final Accounting

This is the Receiver's Final Report and Final Accounting. .

As detailed in the Memorandum in Support of Motion Seeing Authority to Windup the Receivership Estate (*See* Docket Entry No. 58-1), the Receiver was actively involved in the monetization of the Disgorged Asset and recovered $3,907,932.85 through the sale of the JLT Apartments. Thus, the Receiver has completed her duties under the Appointment Order. The Receiver's Motion Seeking Authorization to Windup the receivership and the Receivers' Motion for the Final Fee Petition summarized activities of the Receiver during the course of this receivership. It is appropriate now for the Receiver to therefore request that the Court accept this Final Report and Final Accounting pursuant to the requirements of the Windup Order, and authorize notice in the form of Exhibit 3, hereto, to known parties-in-interest in this receivership proceeding of the proposed termination of this receivership and the discharge of the receiver. Upon receipt of the IRS response for Form 4810 for tax year 2018, and confirmation that IRS has no issues with the final filed 2018 receivership tax return and it accepts that return as filed, the Receiver will submit a Line requesting entry of the Proposed Order authorizing Discharge of Receiver and Termination of Receivership.

## 2. Cash Status at September 31, 2018

As outlined in the SFAR, the receivership held $305,869.88 in cash as of September 30, 2018. There are no known outstanding claims by third parties. Summarized below is the Receiver's analysis:

| | | |
|---|---:|---:|
| Cash Balance as of 9/30/18 | | **$ 305,869.88** |
| | | |
| **A. Services, Fees, and Costs to be paid as Court authorized post 9/30/18** | | |
| 6/1/16 thru 7/31/18 in Final Fee Application (100%) | $ 43,812.88 | |
| CLA prepared Tax Returns for 2015, 2016, and 2017 in Final Fee App | $ 6,375.00 | |
| 20% holdback from inception until 5/31/16 in Final Fee App | $ 62,227.80 | |
| **Fee Application pending before this Court filed 9/6/18** | | **$ 112,415.68** |
| | | |
| **Updated Reserve** for Final Expense Period related to remaining tasks, potential payment to IRS and remainder to the SEC for remission to the U.S. Treasury - which amounts will be submitted to the Court for approval. | | **$ 193,454.20** |

The Reserve amount will be reconciled with respect to the Final Expense Period covering August 1, 2018 until the remaining tasks are completed, which includes the IRS response to Forms 4810, the preparation and filing of this Final Report and Accounting and related documents, and the preparation and filing of the notice with the Court when the IRS comment is received as to the 2018 Form 4810 as well as all required administrative duties of the Receiver are completed, with the balance to be remitted to the SEC.

## V. Reserve for Remaining Tasks

The Wind Up Order authorized the Receiver to establish a Reserve of approximately $172,000 for the sole purpose of processing payments for the Final Expense Period, potentially the IRS, and any administrative costs, including but not limited to shredding expense, in

connection with the residual actions undertaken from August 1, 2018 until the resolution with IRS as discussed above relative to the Forms 4810.  The Reserve (updated above) is now approximately $193,454, assuming the Court approves the Final Fee Application pending before the Court. The Receiver will seek Court approval prior to paying herself or her counsel any funds from the Updated Reserve.  The unused amounts in the Reserve will be reconciled and paid over to the SEC for remission to the U.S. Treasury.  The Reserve has been appropriately handled in the final tax return by the Receiver's tax accountant.

### VI. Termination of Receiver

As discussed above, the Receiver must wait for a response from the IRS to the Form 4810 for the final short year 2018 period (tax return was filed on September 4, 2018).[7]  The IRS response is normally expected sometime between six (6) and eighteen (18) months.  Upon resolution of the final Form 4810, the Receiver will file a Line indicating that the residual tasks are completed and at that time, seek the entry of the Proposed Order of Discharge of Receiver and Termination of Receivership Estate, along with approval to make payments for the final expense period.  The resolution and response from IRS regarding the Forms 4810 is crucial to completion of the administration of this receivership estate especially as relates to any possibility of any liability on the part of the receivership estate and/or the Receiver.  For that reason, the Receiver believes it is prudent to wait and seek this Court's entry of the proposed discharge of Receiver and termination of the receivership estate until such IRS responses are received.

The Proposed Discharge Order, attached as Exhibit 2 hereto, will discharge the Receiver and her counsel, and their firms, from administrative duties and responsibilities pursuant to the

---

[7] The Receiver must wait 30 days after IRS receives the final return to file the Form 4810 which date is October 12, 2018.

7

Appointment Order, effective upon the Court's entry of the Proposed Discharge Order.  Notice in the form of Exhibit 3 hereto of the entry of that order will be provided to all known parties-in-interest.  The Proposed Discharge Order also provides that Receiver and her counsel and their firms will be released and discharged from certain claims and causes of action which might be brought against them by any party for matters arising from and after the Receiver's appointment as more fully described in the Proposed Discharge Order.  As explained in the Receiver's memorandum of law, filed contemporaneously herewith, such a release is appropriate and necessary under the circumstances of this case, is expected and customary in receivership cases; and is well within the equitable power of this Court to grant.

Dated: October 18, 2018                                  Respectfully submitted,


/s/  Brent Charles Strickland
Brent Charles Strickland, Esquire, NY Bar No. BS7811
Whiteford Taylor & Preston L.L.P.
7501 Wisconsin Avenue
Bethesda, Maryland 20814
410.347.9402 Direct dial
410.223.1302 Facsimile
Martin T. Fletcher, Esquire
David Daneman, Esquire
Whiteford Taylor & Preston L.L.P.
Seven Saint Paul Street
Baltimore, Maryland  21202
410.347.8700 Main Telephone
410.752.7092 Main Facsimile
bstrickland@wtplaw.com
mfletcher@wtplaw.com
ddaneman@wtplaw.com

*Attorneys for Marion A. Hecht, Receiver*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of October, 2018 a true and correct copy of the foregoing was served via U.S. Mail and/or via electronic mail upon the following parties:

Richard Hong
Securities & Exchange Commission
200 Versey Street, Suite 400
New York, NY  10281
hongr@sec.gov

David Neuman
Securities & Exchange Commission
100 F Street, NE Mail Stop 4010-A
Washington, DC 20549
neumand@sec.gov

Frank H. Wohl
Lankler Siffert & Wohl LLP
500 Fifth Avenue, 33rd Floor
New York, NY 10110
fwohl@lswlaw.com

Winston Paes
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East, 5th Floor
Brooklyn, NY 11201
winston.paes@usdoj.gov

Abigail Elizabeth Rosen
Lankler Siffert & Wohl
500 Fifth Avenue
33rd Floor
New York, NY 10110
arosen@lswlaw.com

Jason A. Jones
U.S. Department of Justice
1400 New York Avenue, NW
(Bond Building)
Washington, DC 20005
jason.jones5@usdoj.gov


  */s/  Brent Charles Strickland*
Brent Charles Strickland, Esquire