**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 25 2019 ★

BROOKLYN OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | § | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | Civil Action No. CV 12-2033 |
| vs. | § § | Weinstein, Jack B. |
| GARTH RONALD PETERSON, | § § | |
| Defendant. | § § § | |

### ORDER DISCHARGING RECEIVER, TERMINATING RECEIVERSHIP AND APPROVING FINAL EXPENSES

On May 3, 2012, this Court entered an Order establishing the receivership estate of Garth R. Peterson (the "Appointment Order") and appointing Marion A. Hecht as Receiver ("Receiver").

The Court having reviewed the Receiver's Notice that the IRS has accepted all receivership tax returns as filed and that there are no further issues with such returns; and it further appearing that the Receiver has provided no less than thirty (30) days' notice to all known parties in interest in this receivership proceeding of the proposed entry of this Order, and that no objections were received; and it further appearing that administration of this receivership estate is therefore complete and that the Receiver has fulfilled her responsibilities efficiently and effectively as Receiver,

It is hereby ORDERED that:

1. Marion A. Hecht's appointment as Receiver in this matter is hereby terminated.

2. Marion A. Hecht, Receiver, shall be, and hereby is, fully relieved and discharged of all her duties and obligations and any duties or obligations incident to her service



or appointment as Receiver in this matter under the Order appointing Receiver entered by this Court on May 3, 2012 (*See* Docket Entry No. 7).

3. The Receiver, as well as her firm, CliftonLarsonAllen LLP, and its accountants, consultants or other professionals, and Receiver's counsel, Brent C. Strickland, Martin T. Fletcher, and David Daneman, as well as their firm, Whiteford Taylor & Preston L.L.P., (collectively, "Releasees") shall not be liable for any and all claims and causes of action, whether known or unknown, arising out of, or relating in any way to their good faith (i) compliance with any order, rule, law, judgment or decree; and (ii) performance of their duties and responsibilities in this receivership case and the administration of the receivership estate, including without limitation: (a) claims by any governmental entity or other party for any fees, charges or liabilities asserted in connection with the administration of this receivership estate; (b) claims by any parties in interest, and any owners, stockholders, members, managers or persons in control of Shanghai Jin Lin Tiandi Serviced Apartments ("JLT Apartments"), Strong Man Profits Limited, Asiasphere Holdings Limited, and Paraplay Investments Limited; and (c) any claims relating to the filing of any local, state, or federal tax returns, personal property returns and any compliance/reporting for the receivership estate, or the reporting of any income, assets, or tax consequences to any person or entity; and (iii) actions taken or omitted by them, or any of them, but excepting any actions or omissions by Releasees, or any of them, found by the Court to be in bad faith or to constitute gross negligence or reckless disregard of their duties in this receivership proceeding.

4. Any professional fees or expenses as reflected on the SFAR that were paid in the ordinary course of business or operations since the Court's entry of the Appointment Order out of the assets of the receivership estate and not previously approved by prior order of this Court, are hereby approved.

5.  Upon entry of this Order, all parties in interest shall be, and hereby are, permanently and forever barred, restrained and enjoined from taking any action to impose, or seek to impose, liability on Releasees, or any of them, without first obtaining relief to do so from this Court, except to the extent that any such claim is a claim described in the exception set forth in paragraph 3(iii) of this Order.

6.  Payment to CliftonLarsonAllen LLP ("Clifton") in the amount of $32,687.50 for the services of the Receiver and related accounting and other services in support of the Receiver performed during the period August 1, 2018 through the termination of the Receivership (which includes a small estimate of $7,985.00 for services after April 30, 2019), representing one hundred percent (100%) of the Receiver's fees, is APPROVED and may be paid by the Receiver at this time.

7.  Payment to Clifton in the amount of $894.76 for expenses incurred during the period August 1, 2018 through the termination of the Receivership (which includes a small estimate of $9.00 for costs after April 30, 2019), representing one hundred percent (100%) of the Receiver's expenses, is APPROVED and may be paid by the Receiver at this time.

8.  Payment to Clifton in the amount of $2,595.00 for tax preparation services for the final 2018 tax return, representing one hundred percent (100%) of the Receiver's tax services, is APPROVED and may be paid by the Receiver at this time.

9.  Payment to Receiver's Counsel, Whiteford Taylor & Preston L.L.P. ("Receiver's Counsel") in the amount of $9,127.50 for services performed during the period August 1, 2018 through the termination of the Receivership (which includes a small estimate of $1,500.00 for services after April 30, 2019), representing one hundred percent (100%) of the Receiver's Counsel's fees, is APPROVED and may be paid by the Receiver at this time.

10. Payment to Receiver's Counsel in the amount of $364.34 for expenses incurred during the period August 1, 2018 through the termination of the Receivership representing one hundred percent (100%) of the Receiver's Counsel's expenses, is APPROVED and may be paid by the Receiver at this time.

11. Final Payment to the SEC for remission to the U.S. Treasury in the amount of $147,773.10 after all other payments have been made to the Receiver and Receiver's Counsel.

This Court shall retain jurisdiction over any and all matters relating to the administration of this receivership estate.

Dated: 6/20/19

BY THE COURT:

/s/ Jack B. Weinstein
Jack B. Weinstein
United States District Judge